UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**CYNTHIA ORE AND DAVID ROSAS**,                                :
                                                                :
                        Plaintiffs,                             :
                                                                :   **ORDER ADOPTING REPORT**
            – against –                                         :   **AND RECOMMENDATION**
                                                                :
                                                                :   22-CV-20 (AMD) (RER)
**H&C CLEANING CORP. AND JUAN PEDRO**                           :
**CHUC-TZUBAN**,                                                :
                                                                :
                        Defendants.                             :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On January 3, 2022, the plaintiffs commenced this action against the defendants, alleging multiple violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§190 and 650 *et seq.* (ECF No. 1 at ¶ 1.)

Cynthia Ore alleges she worked for the defendants, who operate a commercial cleaning business, from August 24, 2020 until November 10, 2021. (ECF No. 1 ¶¶ 19-20.) Ore's "primary job duties included cleaning tables, desks and windows, picking up garbage, mopping, vacuuming and dusting." (*Id.* ¶ 22.) David Rosas alleges he worked for the defendants in a similar capacity from January 15, 2021 until November 10, 2021. (*Id.* ¶ 37.) The plaintiffs allege the defendants did not pay them the prevailing minimum wage, nor did the defendants pay them one-and-half-times their regular pay when they worked more than 40 hours per week. (*Id.* ¶¶ 33-35, 49-50.)

When the plaintiffs first filed suit, they served H&C through the New York Secretary of State. (ECF No. 5.) They served Chuc-Tzuban through his cousin and by mail at the address in Queens that corresponds to H&C's principal place of business. (ECF No. 1 ¶ 10.) The process

server described the address as a "dwelling house (usual place of abode) within the state" and as Chuc-Tzuban's "Actual Place of Residence."  (ECF No. 6. at 1.)

The defendants did not answer or otherwise respond to the complaint.  (ECF No. 11 at 5.)  Accordingly, on May 4, 2022, the plaintiffs requested a Certificate of Default for each defendant, which the Clerk of Court issued on May 9, 2022.  (ECF Nos. 7, 8.)  The plaintiffs then moved for default judgment on June 1, 2022.  (ECF No. 10.)  On June 6, 2022, I referred the motion to United States Magistrate Judge Ramon E. Reyes, Jr. for a report and recommendation.

On December 14, 2022, Judge Reyes concluded that the plaintiffs' well-pleaded factual allegations, taken as true, constituted valid claims for which relief could be granted; Judge Reyes recommended that I grant the plaintiffs' motion for default judgment as to H&C, but deny it as to Chuc-Tzuban because the plaintiffs had not filed adequate proof that they complied with the Servicemembers Civil Relief Act or Federal Rule of Civil Procedure 4(e)(1) when they served Chuc-Tzuban with their complaint.  (ECF No. 11. at 10-12.)  Judge Reyes also found that the plaintiffs had not properly served copies of their default judgment moving papers pursuant to Local Rule 55.2(c).  (ECF No. 11 at 10-14.)

Judge Reyes determined that the affidavit from the process server did not contain sufficient facts to establish that Chuc-Tzuban lived at the address where the process server served him.  (ECF No. 11 at 12.)  Moreover, Judge Reyes found there was "no basis for the court to conclude that service was made by first-class mail," or that the envelope containing the complaint stated that it was from an attorney or concerned an action against the defendant."  (*Id.*)  For similar reasons, Judge Reyes concluded that plaintiffs "have not complied with Local Rule 55.2(c) because they failed to establish that the [default judgment] motion papers were mailed to Chuc-Tzuban's last known address."  (*Id.* at 14.)  As Judge Reyes observed, "[m]ailing default

judgment papers to an individual defendant's business address does not satisfy Local Civil Rule 55.2(c)." *Chocolatl v. Rendezvous Cafe, Inc.*, No. 18-CV-3372, 2020 WL 3002362, at *4 (E.D.N.Y. Feb. 20, 2020), *report and recommendation adopted*, No. 18-CV-03372, 2020 WL 1270891 (E.D.N.Y. Mar. 17, 2020).

In the event the plaintiffs were to serve Chuc-Tzuban with their motion for default judgment and a copy of the Report and Recommendation as required by the Servicemembers Civil Relief Act, Federal Rule of Civil Procedure 4, and Local Civil Rule 55.2(c), and file proof of compliance, Judge Reyes recommended that Chuc-Tzuban and H&C be held jointly and severally liable. (ECF No. 11 at 33.)

With respect to damages, Judge Reyes determined that the plaintiffs had established damages to a "reasonable certainty," and recommended that Ore be awarded a total of $41,179.38: $3,311 in unpaid minimum wages, $8,188 in unpaid overtime wages, $2,982 in unpaid spread-of-hours wages, $14,481 in liquidated damages, $10,000 in statutory damages and $2,217.38 in pre-judgment interest. (*Id.* at 21.) Since Judge Reyes calculated pre-judgment interest only through December 14, 2022, he recommended that Ore receive an additional $3.57 per diem from December 15, 2022 through the date of judgment. (*Id.* at 31.)

Judge Reyes recommended that Rosas be awarded a total of $26,043.03; $2,088 in unpaid minimum wages, $4,053 in unpaid overtime wages, $1,372 in unpaid spread-of-hours wages, $7,513 in liquidated damages, $10,000 in statutory damages and $1,017.03 in pre-judgment interest. (*Id.*) Since Judge Reyes calculated pre-judgment interest only through the date of his Report and Recommendation, he recommended that Rosas receive an additional $1.85 per diem from December 15, 2022 through the date of judgment. (*Id.*)

Judge Reyes also recommended that both plaintiffs receive post-judgment interest in accordance with 28 U.S.C. § 1961.  (*Id.* at 21.)  However, Judge Reyes recommended that I deny the plaintiffs' request that damages be automatically increased by 15 percent in the event H&C did not make payment within 90 days of judgment pursuant to New York Labor Law § 198(4) because the plaintiffs did not seek that relief in their complaint.  (*Id.* at 32-33.)

On February 2, 2023, the plaintiffs' filed proof that they served copies of Judge Reyes's Report and Recommendation on the defendants by USPS First Class Mail at 147-28 90th Avenue, Apt. 2C, Jamaica, New York, 11435—the same address at which the plaintiffs served the complaint and their default judgment moving papers.  (ECF Nos. 5,6, 9, 12, 13.)  The plaintiffs submitted no additional proof to establish that Chuc-Tzuban resides at this location.  No objections have been filed to the Report and Recommendation, and the time for doing so has passed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  To accept those portions of the Report and Recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

## CONCLUSION

I have reviewed Judge Reyes's comprehensive Report and Recommendation and find no error.  Accordingly, I adopt the Report and Recommendation in its entirety.  I find that the plaintiffs have adequately pleaded that they were employees of the defendants within the meanings of the FLSA and the NYLL, and that they also adequately pleaded violations of both

statutes.  Because the plaintiffs have not submitted proof of compliance with Local Rule 55.2(c), I deny the plaintiffs motion for default judgment against Juan Pedro Chuc-Tzuban without prejudice, but grant the motion with respect to H&C Cleaning Corp.

I award Cynthia Ore $41,179.38 in damages and pre-judgment interest, along with $3.57 per diem from December 15, 2022 through the date judgment is ultimately entered; I award David Rosas $26,043.03 in damages and pre-judgment interest, along with $1.85 per diem from December 15, 2022 through the date judgment is ultimately entered.  Both plaintiffs are to receive post-judgment interest in accordance with 28 U.S.C. § 1961.

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                            _____
                                            ANN M. DONNELLY
                                            United States District Judge

Dated: Brooklyn, New York
         March 14, 2022